UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| AIG COMMERCIAL INSURANCE CO. OF CANADA, formerly COMMERCE & INDUSTRY INSURANCE COMPANY OF CANADA, a Canadian corporation,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>CKE RESTAURANTS, INC. dba CARL'S JR RESTAURANTS; CARL KARCHER ENTERPRISES, INC.,<br><br>Defendants/Counterclaimants. | Case No.: CV 09-98-N-EJL<br><br>**MEMORANDUM DECISION AND ORDER RE: DECLARATION OF DAVID E. WOOD UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(f)**<br><br>**(Docket No. 26)** |

Currently pending before the Court is the Declaration of David E. Wood Under Federal Rule of Civil Procedure 56(f) (Docket No. 26) (Defendants' "Application"). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

BACKGROUND

Plaintiff brought this action on March 6, 2009. Consistent with local practice, the parties submitted a Joint Litigation Plan Form on April 30, 2009 (Docket No. 19). The parties' Litigation Plan contained a proposed July 10, 2009 deadline for non-dispositive and dispositive pre-trial motions and a proposed October 2, 2009 discovery deadline. *See id*. at p. 1. Moreover, the parties offered three separate trial dates for the Court's consideration: November 10, 2009, December 8, 2009, and January 12, 2009. *See id*.

**MEMORANDUM DECISION AND ORDER - 1**

On May 1, 2009, this Court entered a formal Scheduling Order (Docket No. 20). Relevant to Defendants' Application, the Scheduling Order adopted the parties' July 10, 2009 pre-trial motion deadline and October 2, 2009 discovery deadline. *See id*. at p. 2. The Court's Scheduling Order also set a January 19, 2010 trial date. *See id*. at p. 4. The Court's May 5, 2009 Amended Scheduling Order (Docket No. 21) did not alter these dates.

Plaintiff filed its Motion for Summary Judgment on July 10, 2009 (Docket No. 23), the last day for filing such a motion under the Court's Amended Scheduling Order. Six days later, Defendants filed the at-issue Application (Docket No. 26), requesting that the Court delay its consideration of Plaintiff's Motion for Summary Judgment to allow for additional discovery. *See* Decl. of David E. Wood Under Fed. R. Civ. P. 56(f), ¶ 3 (Docket No. 26). Prudently, Defendants also submitted a formal opposition to Plaintiff's Motion for Summary Judgment on July 31, 2009 (Docket No. 28).

On August 31, 2009, the parties submitted a Stipulation to Extend Scheduling Deadlines (Docket No. 44), requesting that (1) Defendants' expert witness disclosure be extended from August 31, 2009 to September 30, 2009; (2) Plaintiff's rebuttal expert witness disclosure be extended from September 30, 2009 to October 30, 2009; and (3) the discovery deadline be extended from October 2, 2009 to November 20, 2009. *See id*. at pp. 1 & 2. Significantly, the parties indicated that "[t]hese extensions will not affect the current trial date of January 19, 2010. *See id*. at p. 2. On September 9, 2009, this Court accepted the stipulated extensions, further commenting that "[a]ll other requirements of the Scheduling Order remain in effect." *See* Order to Extend Scheduling Deadlines, p. 2 (Docket No. 46).

**MEMORANDUM DECISION AND ORDER - 2**

**DISCUSSION**

The circumstances surrounding Defendants' alleged (in)ability to respond to Plaintiff's Motion for Summary Judgment are unquestionably different now than they were in early July when Defendants first filed their Rule 56(f) Application. Given the subsequent passage of nearly three months, coupled with original October 2, 2009 discovery deadline (now November 20, 2009) and an approaching January 12, 2009 trial date, there is no doubt in the Court's mind that significant discovery has (or at least should have) taken place. This reality arguably operates as a *de facto* granting of the relief sought through Defendants' Application; that is, Defendants have, in essence, already enjoyed the benefit of at least a three-month stay relating to any hearing on Plaintiff's Motion for Summary Judgment - exactly what they were seeking through their Application. In these respects, the Court considers Defendants' Application moot, given how this case has procedurally shaken out.

Still, a question remains as to whether Defendants should be given the opportunity to supplement their existing opposition to Plaintiff's Motion for Summary Judgment. The Court will allow such relief[1] - with limitations, however. Any supplementation must *only* include information secured through the discovery referenced as "required" within Defendants' Application - in other words "AIG's claim[, drafting, and underwriting] file[s], the testimony of its Toronto-based adjusters Cecilia Turner and Raymond Ma, and the testimony of AIG's lawyer

---

[1] This ruling is consistent with the general preference in this District that parties be allowed to complete the discovery necessary to make their best case such that actions get decided on the merits whenever possible. *See Mangum v. Action Collection Serv., Inc.*, 2006 WL 2224067 (D. Idaho 2006) ("It is generally the rule in the Ninth Circuit that . . . district courts should freely grant a Rule 56(f) motion. In essence, district courts are expected to generously grant Rule 56(f) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence." (Internal citations omitted)).

**MEMORANDUM DECISION AND ORDER - 3**

who wrote the key correspondence with CKE, Richard Hall." *See* Decl. of David E. Wood Under Fed. R. Civ. P. 56(f), ¶¶ 12-17; 19-26 (Docket No. 26).² No additional sources of information are permitted to be included in any supplementation. Additionally, Defendants' supplementation, if any, shall be limited to ten pages, filed on or before October 16, 2009. Plaintiff's ten-page response, if any, shall be filed no later than October 30, 2009 and shall be limited to those matters and issues contained in Defendants' supplementation. No reply will be permitted.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that the relief sought within the Declaration of David E. Wood Under Federal Rule of Civil Procedure 56(f) (Docket No. 26) is DENIED as MOOT.³ Still, Defendants' ten-page supplementation in support of its opposition to Plaintiff's Motion for Summary Judgment is due on or before October 16, 2009. Plaintiff's response to any supplementation will also be limited to ten pages and is due on or before October 30, 2009. No reply will be permitted.



DATED: **October 8, 2009**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

² In borrowing the language offered within Defendants' briefing here, the Court is making no ruling on the propriety of such discovery.

³ The Court makes no ruling regarding Plaintiff's procedural arguments concerning the manner in which Defendants sought relief through FRCP 56(f). *See* Mem. in Opp. To Defs.' Request for Relief Under FRCP 56(f), p. 10 (Docket No. 37) ("[Defendants] have nevertheless failed to file either a separate motion requesting specific relief under Rule 56(f) or <u>any affidavit</u> supporting its request for time to conduct additional discovery." (Emphasis in original)).

**MEMORANDUM DECISION AND ORDER - 4**