# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| AIG COMMERCIAL INSURANCE CO. OF CANADA, formerly COMMERCE & INDUSTRY INSURANCE COMPANY OF CANADA, a Canadian corporation,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>CKE RESTAURANTS, INC. dba CARL'S JR RESTAURANTS; CARL KARCHER ENTERPRISES, INC.,<br><br>Defendants/Counterclaimants. | Case No.: CV 09-98-N-EJL<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO FILE OVERLENGTH BRIEF**<br><br>**(Docket No. 41)** |

Currently pending before the Court is Plaintiff's Motion to File Overlength Brief (Docket No. 41). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Local Rule 7.1(a)(3) limits reply briefs to ten pages in length. *See* Dist. Idaho Loc. Civ. R. 7.1(a)(3) (" . . . nor shall a reply brief exceed ten (10) pages in length, without express leave of the Court which will only be granted under unusual circumstances."). On the same day that it submitted its 19-page Reply Memorandum in Support of Motion for Summary Judgment (Docket No. 42), Plaintiff also submitted the instant Motion, requesting "leave of Court to file a reply brief on summary judgment in excess of 10 pages in order to adequately address the claims

**MEMORANDUM DECISION AND ORDER - 1**

raised in Defendants' Response Memorandum." *See* Mot. to File Overlength Brief, pp. 1-2 (Docket No. 41). Defendants oppose Plaintiff's efforts, arguing that Plaintiff "has not made a showing of good cause for the relief it seeks." *See* Opp. to Mot. to File Overlength Brief, p. 2 (Docket No. 48) (referring to Plaintiff's "tactical decision" not to include certain claims or case law in its underlying motion as insufficient to establish "good cause" or "unusual circumstances").

Preliminarily, it cannot be said that Plaintiff must include the "kitchen sink" when arguing in support of its own attempt at summary judgment, let alone peremptorily anticipate Defendants' own arguments in response thereto; indeed, that is arguably the very purpose of allowing moving parties an opportunity to submit a reply brief. In this respect, the Court considers Defendants' "you made your bed, now lie in it" argument unpersuasive here.

Instead, the Court is more concerned with the actual *need* for an additional 9 pages of reply briefing, believing that the parties' competent counsel should be more than capable of crystallizing their respective arguments into the existing page allotments. Additionally, by filing its Motion to File Overlength Brief contemporaneously with an actual, overlength brief, Plaintiff's requested relief is cast more as an attempt at forgiveness than permission - the latter of which coincides with Local Rule 7.1(a)(3)'s "leave of the court" requirement.

Having said this, the case itself and the issues/defenses raised within the parties' respective briefing strikes this Court as one which benefits from a thorough vetting of the arguments. With this in mind, and consistent with the Court's recent allowance for Defendants to supplement their response to Plaintiff's Motion for Summary Judgment (Docket No. 58) and,

**MEMORANDUM DECISION AND ORDER - 2**

therefore, promote a decision more in line with the action's merits, the Court will grant Plaintiff's Motion to File Overlength Brief.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to File Overlength Brief (Docket No. 41) is GRANTED.



DATED: **October 8, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**